CLIFFORD L. MOTT, Respondent, v. JAMES COUGHLAN *et al.*, Appellants.

St. Louis Court of Appeals, January 5, 1897.

1. **Conversion:** FRAUD: INTENT: PARTICIPATION: INSTRUCTIONS. In an action for an alleged conversion of personal property by defendant as constable under a writ of attachment, where plaintiff claimed the ownership of the property under a mortgage to him for the benefit of creditors, which defendant claimed was fraudulent, the expressions "in good faith" and "for the purpose of securing a *bona fide* indebtedness," in the instructions given, necessarily excluded every element of fraudulent intent on the part of the grantors; and if the grantors had no such intent, since fraud consists in an intent to that effect on their part and a participation therein by the beneficiaries, there could have been none in the transaction, hence no participation in fraud by the beneficiaries.

2. ———: PARTIAL CLAIM TO PROPERTY LEVIED ON: INSTRUCTIONS. Where, in instructions given, it was said upon the theory that certain facts were found, that the other defendants would be "jointly liable with the constable for the conversion of said property," it was not meant by the court to charge the jury that they could find defendants liable for the value of any of the property which had not been claimed when plaintiff gave notice of his title under the mortgage, but what the court meant by the terms "said property" was that to which plaintiff made claim under the conveyance to him; and where an instruction for respondent directed the jury to restrict their verdict, if they found for plaintiff, to such property as they should find included in the mortgage levied upon, and described in plaintiff's claim and in the indemnity bond given, and the record disclosed that plaintiff confined his evidence of value to the articles designated,— *Held:* That under such circumstances the jury could not have been misled by a mere verbal indefiniteness in the instruction complained of.

*Appeal from the St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Affirmed; Judge Biggs concurring in the result; Judge Bland not sitting.

*Chester H. Krum* for appellants.

*George M. Block* and *H. M. Pollard* for respondent.

To maintain their defense appellants were obliged to show, *first*, fraud on the part of the mortgagors; and, *second*, knowledge of and participation therein by the mortgagees. *Shelley v. Booth*, 73 Mo. 74; *Deering v. Collins*, 38 Mo. App. 73; *Morgan v. Wood*, *Id.* 255.

If the mortgagors in good faith and for the purpose of securing a *bona fide* indebtedness gave the mortgage in question, or even if they gave it with a fraudulent intent, yet if the mortgagees took the mortgage to secure a valid indebtedness, and either did not know of the fraudulent purpose of the mortgagors, or, if knowing of such fraudulent purpose, they did not participate therein, in any of these events the case of the mortgagees is completely established. *Alberger v. White*, 117 Mo. 347; *Deering v. Collins*, 38 Mo. App. 73; *Shelley v. Booth*, 73 Mo. 74.

While plaintiff's petition embraces all the property levied upon, at the trial he limited his evidence in regard to the value thereof to the articles described in the indemnity bond, and also embraced in the chattel deed of trust. *Kamerick v. Castleman*, 29 Mo. App. 659; *Wetzel v. Waters*, 18 Mo. 396; *Kreher v. Mason*, 25 Mo. App. 291; *Palmer v. Shenkel*, 50 *Id.* 571.

Bond, J.—This action is for the alleged conversion of certain personal property which was levied upon by

defendant Coughlan as constable under a writ of attachment. Plaintiff claimed the ownership of said property under a mortgage to him for the benefit of creditors. Defendant claimed that said mortgage was fraudulent. Plaintiff had judgment, from which defendant prosecutes this appeal. The errors assigned relate solely to the instructions given, it being conceded that no questions for review arise upon the evidence.

Some of the instructions given are set out in appellant's brief. The complaint as to these is that the language used in reference to the intent of the grantors in the mortgage under which plaintiff claims title "does not present to the jury the proper theory of a possible participation by the beneficiaries in the purposes of the grantor." This criticism is not sustained by a reference to the terms of the instruction, and it is also shown to be untenable when other qualifying instructions are considered. The instruction complained of uses the following language on the point under review.

CONVERSION: fraud: intent: participation: instructions.

"The court instructs the jury that if they find from the evidence that the chattel deed of trust, read in evidence was made by Sidney B. Cohn and William J. Hughes in good faith and for the purpose of securing a *bona fide* indebtedness to M. A. Cohn and Arthur B. Cohn."

By the expressions in "*good faith*" and "*for the purpose of securing a bona fide indebtedness*," every element of fraudulent intent or purpose on the part of the grantors is necessarily excluded (*Sammons v. O'Neil*, 60 Mo. App. *loc. cit.* 540, 541), for it could not be that they made a mortgage in *good faith* and to secure a *bona fide* indebtedness, and at the same time entertain a purpose to defraud others. Such a con-

ception would do violence to the necessary import of the terms used. If the grantors intended no fraud, there could have been none in the transaction, because fraud consists in an intent to that effect on the part of the grantors and a participation in such intent by the beneficiaries, and if there was no such intent, there could have been no participation therein. *Distilling Co. v. Ellis*, 63 Mo. App. *loc. cit.* 21, and cases cited; *Alberger v. White*, 117 Mo. 347. Moreover the court gave qualifying instructions to the effect that the mortgage was invalid if made to the use of the grantors, unless the jury found that the beneficiaries did not share in such intent, but took it "only" so far as sufficient to secure the payment of their own notes against the mortgagors.

The second error assigned is that the court instructed the jury that by virtue of filing a claim to a part of the property levied on, respondent might recover a judgment for all. We do not so understand the instruction on this point. It is true PARTIAL claim to the language of the court might have been property levied. on: instructions. more explicit in the conclusion of the instruction under review, where it is said upon the theory that certain facts are found that the other defendants would be "jointly liable with the constable for the conversion of said property," but we do not think the court meant by this to tell the jury that they could find defendants liable for the value of any of the property which had not been claimed when plaintiff gave notice of his title under the mortgage. On the contrary we think the court meant by the terms "said property" that to which plaintiff set up a claim under the conveyance to him. The first part of the instruction had expressly predicated plaintiff's right to recover upon his claim of all or a part of the property, and the conclusion of the instruction was evidently

intended to restrict his recovery to the extent to which
he had made a claim of ownership: Besides instruc-
tion number 8 given for respondent directed the jury
to restrict their verdict (if they found for plaintiff) to
such property as they should find was included in the
mortgage levied upon, and described in plaintiff's
claim and in the indemnity bond given. The record
further shows that plaintiff confined his evidence of
value to the articles thus designated. Under these cir-
cumstances the jury could not have been misled by a
mere verbal indefiniteness in the instruction com-
plained of.

Finding no reversible error on the trial of this
case, the judgment will be affirmed. Judge BIGGS
concurs in the result; Judge BLAND not sitting.